# UNITED STATES DISTRICT COURT
for the

Eastern District of Wisconsin

| | | |
|---|---|---|
| United States of America<br>v.<br>Phong VANG<br>(xx/xx/1984)<br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 19-822M (NJ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **February 18, 2019** in the county of **Milwaukee** in the **Eastern** District of **Wisconsin**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Section 841(a)(1) | Possess with intent to distribute a controlled substance |
| Title 18, United States Code, Section 924(c) | Possession of a firearm in furtherance of a drug trafficking crime |

This criminal complaint is based on these facts:

Please see attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Task Force Officer Nick Stachula, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: February 19, 2019

_____
*Judge's signature*

City and state: Milwaukee, Wisconsin

Honorable Nancy Joseph, Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A CRIMINAL COMPLAINT

I, Nick Stachula, being first duly sworn, hereby depose and state as follows:

1. I have been employed as a Detective with the West Allis Police Department since November 6, 2000. I am currently assigned to the North Central High Intensity Drug Trafficking Area ("HIDTA") Office where I have served as a Drug Enforcement Administration ("DEA") Task Force Officer since January 3, 2017. As such, I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, in that I am empowered by law to conduct investigations of and to make arrests for federal felony offenses.

2. I have participated in numerous complex narcotics investigations which involved violations of state and federal controlled substances laws and money laundering laws including Title 21, United States Code, Sections 841(a)(1) and 846 (possession with intent to distribute a controlled substance and conspiracy to possess with intent to distribute a controlled substance), and other related offenses. I have had both formal training and have participated in numerous complex drug trafficking investigations, including ones using wiretaps. More specifically, my training and experience includes the following:

   a. I have utilized informants to investigate drug trafficking. Through informant interviews, and extensive debriefings of individuals involved in drug trafficking, I have learned about the manner in which individuals and organizations distribute controlled substances in Wisconsin and throughout the United States;

   b. I have also relied upon informants to obtain controlled substances from dealers, and have made undercover purchases of controlled substances;

   c. I have extensive experience conducting street surveillance of individuals engaged in drug trafficking. I have participated in the execution of numerous search warrants where controlled substances, drug paraphernalia, and drug trafficking records were seized;

1

d. I am familiar with the appearance and street names of various drugs, including marijuana, heroin, cocaine, cocaine base (unless otherwise noted, all references to crack cocaine in this affidavit is cocaine base in the form of crack cocaine), ecstasy, and methamphetamine. I am familiar with the methods used by drug dealers to package and prepare controlled substances for sale. I know the street values of different quantities of the various controlled substances;

e. I am familiar with the language utilized over the telephone to discuss drug trafficking, and know that the language is often limited, guarded, and coded;

f. I know that drug traffickers often use electronic equipment and wireless and land line telephones to conduct drug trafficking operations;

g. I know that drug traffickers commonly have in their possession, and at their residences and other locations where they exercise dominion and control, firearms, ammunition, and records or receipts pertaining to such;

h. I have been assigned to court-authorized wiretaps and have been trained to operate the equipment utilized to conduct such operations;

i. I know that drug traffickers often put their telephones in nominee names in order to distance themselves from telephones that are utilized to facilitate drug trafficking; and

j. I know that drug traffickers often use drug proceeds to purchase assets such as vehicles, property, and jewelry. I also know that drug traffickers often use nominees to purchase and/or title these assets in order to avoid scrutiny from law enforcement officials.

3. The information set forth in this affidavit comes from my personal involvement in this investigation, as well as from information provided to me by other law enforcement officers. This affidavit is submitted for the limited purpose of establishing probable cause for the issuance of a criminal complaint against Phong VANG for violations of the laws of the United States, that is, possession with the intent to distribute a controlled substance, namely less than 50 kilograms of marijuana, in violation of Title 21, United States Code, Section 841(a)(1); and possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c).

2

## PROBABLE CAUSE

4. In December 2018, members of the HIDTA/DEA DGTF Group 68 commenced an investigation into a group of individuals involved in the distribution of methamphetamine and marijuana in the Milwaukee area. Investigators[1] identified Phong VANG, a resident of St. Paul, Minnesota, not only as an individual involved in the distribution of illegal drugs, but also as an associate of the aforementioned Milwaukee-based drug distributors. For instance, your Affiant observed a Facebook posting wherein VANG appeared to be harvesting marijuana plants. Furthermore, based upon a review of phone records, text communications, and motel records, investigators determined VANG likely participated in shipping from California to Milwaukee approximately 2.5 kilograms of methamphetamine and over 50 kilograms of marijuana, which HIDTA/DEA DGTF Group 68 seized on December 19, 2018.

5. On February 16, 2019, your Affiant received information that VANG was likely traveling southeast on I-94 from St. Paul, Minnesota to Milwaukee, Wisconsin. Investigators previously determined that VANG had traveled to California on February 6, 2019, and had returned to St. Paul, Minnesota on February 11, 2019. On February 18, 2019, at approximately 1300 hours, TFO Vincent Lopez observed VANG in the alley between North 46th Street and North 47th Street, in the 2900 block, in Milwaukee, Wisconsin. Based upon intelligence derived from a cell phone known to be used by VANG, VANG was in contact with a known high-level marijuana and cocaine distributor in the Milwaukee Metropolitan Area. Your Affiant observed this known drug distributor arrive in the alley in a red Dodge Charger and meet with VANG behind a residential garage. At this time, VANG and the known drug distributor had a brief meeting by the

---

[1] Throughout this affidavit, reference will be made to investigators or law-enforcement officers. Investigators or law-enforcement officers are those federal, state, and local law enforcement officers who have directly participated in this investigation, and with whom your affiant has had regular contact regarding this investigation.

trunk of the red Dodge Charger. Based on your Affiant's training and experience, VANG appeared to be conducting a drug transaction with the known drug distributor in the alley. At the conclusion of the transaction, investigators conducting surveillance observed VANG depart the location in a blue 2018 KIA Sedona bearing New York license plates. The KIA was a rental vehicle.

6.  Soon after the KIA departed the alley, law-enforcement officers conducted a traffic stop on the vehicle in the 2300 block of Sherman Boulevard in Milwaukee, Wisconsin. During the traffic stop, VANG was asked if he had anything illegal inside the vehicle. VANG informed the law-enforcement officers that marijuana and a firearm were inside the KIA. Based upon this information, the law-enforcement officers conducted a search of the vehicle. Inside the vehicle, the officers found approximately 35 pounds (nearly 16 kilograms) of marijuana concealed inside duffle bags, trash bags, and suit cases located in the rear of the vehicle; approximately $50,000 in U.S. currency was located in a back pack, the center console, and under a blanket behind the front driver's seat; a cell phone assigned the number known to be associated with VANG; and a Glock 19 9mm pistol located inside the vehicle's glove compartment. The firearm contained a fully loaded magazine; however, it did not have a round in the chamber. Law enforcement officers then placed VANG under arrest.

7.  In a post-*Miranda* interview, VANG admitted to distributing pound-quantities of marijuana. Specifically, VANG said he had sold 3 pounds of marijuana to the individual in the alley between North 46th and North 47th Streets prior to his vehicle stop. VANG explained that he had transported the marijuana from St. Paul, Minnesota to Milwaukee to sell it to his Milwaukee-based customer. VANG also said the firearm found in the KIA served as protection; specifically, from violent individuals.

4

8. Based on the above information and facts, your Affiant submits there is probable cause to believe that Phong VANG, in the Eastern District of Wisconsin, possessed with the intent to distribute a controlled substance, namely less than 50 kilograms of marijuana, in violation of Title 21, United States Code, Section 841(a)(1); and possessed a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c).